UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 16-CV-5018 (JFB)

———————————

SAMUEL OSUJI,

Appellant,

VERSUS

FEDERAL NATIONAL MORTGAGE ASSOCIATION AND JP
MORGAN CHASE BANK, N.A.,

Appellees.

———————————

**MEMORANDUM AND ORDER**
July 17, 2017

———————————

JOSEPH F. BIANCO, District Judge:

Samual Osuji ("appellant" or "Mr. Osuji") appeals from the Bankruptcy Court's ruling in which it permissibly abstained from the proceeding and held, in the alternative, that the *Rooker-Feldman* doctrine barred appellant's lawsuit. Because the Court concludes that the Bankruptcy Court clearly did not abuse its discretion in permissively abstaining from the proceeding, the ruling below is affirmed.

I.   BACKGROUND

The Court assumes the parties' familiarity with the full facts and procedural history of this action and summarizes the facts and history relevant to the instant appeal based on the Bankruptcy Record on Appeal ("R.," ECF Nos. 3-2 to 3-5).[1]

A.  The State Court Foreclosure Action

This case originates from a note executed by Christine Phillips-Osuji ("Mrs. Osuji") for $296,000 in favor of appellee JP Morgan Chase Bank ("Chase") (R. at 672–74), secured by a mortgage on property located at 95 Angevine Avenue, Hempstead, New York 11550 (the "Property") (*id.* at 676–94). Appellant signed neither document. (*Id.* at 674, 693.) Appellee Federal National Mortgage Association ("Fannie Mae," and collectively

———————————

[1] Though the record spans across four separate docket entries, the page numbering continues from one entry to the next. Therefore, rather than delineating between separate docket entries, the Court simply refers to the relevant page number in the record.

with Chase, "appellees") was the original investor in the note and mortgage (collectively, the "loan"), and Chase was its servicer. (*Id.* at 669 ¶ 4.)

On June 17, 2011, Chase commenced a foreclosure proceeding (the "Foreclosure Action") against Mrs. Osuji in state court after she defaulted on the loan. (*Id.* at 391–435, 1096.) Someone filed an answer and motion to strike the foreclosure complaint purportedly on behalf of Mrs. Osuji and appellant as "'John DOE' #1 and parties in interest."[2] (*Id.* at 437–98, 500–18.) The state court denied the motion to strike. (*Id.* at 524.)

Appellant moved to intervene in the Foreclosure Action on June 4, 2012 (*id.* at 526–31), but the court denied the motion by order dated October 15, 2012 (*id.* at 533–34). Afterwards, appellant made several additional motions to intervene in, strike, or stay the Foreclosure Action, none of which proved successful. (*See, e.g.*, *id.* at 574–75, 591–92, 602, 631–645, 653.) Based on Mrs. Osuji's consent to an entry of a judgment of foreclosure and sale, the state court granted Chase's motion for an order of reference in the Foreclosure Action on October 30, 2015. (*Id.* at 655.)

On February 2, 2016, Fannie Mae transferred its ownership interest in the loan to MTGLQ Investors, L.P. ("MTGLQ"), and service was transferred to Shellpoint Mortgage Servicing. (*Id.* at 696–98; *see also id.* 1084–85.)

B. Bankruptcy Proceedings

Appellant filed a voluntary petition for re-

lief under Chapter 7 of the Bankruptcy Code on December 30, 2015 and commenced an adversary proceeding against appellees on March 17, 2016, alleging that they have no ownership interest in the loan. (*Id.* at 5–107.) Appellees filed a motion to dismiss on May 26, 2016 (*id.* at 257–58), and, after the motion was fully briefed, the Bankruptcy Court issued an Order to Show Cause ("OTSC") why it should not abstain from the proceeding (*id.* at 1043–44). The parties briefed the issue, and the Bankruptcy Court held a hearing on the OTSC and appellees' motion to dismiss on August 15, 2016. (*See id.* at 1087.) By order dated September 2, 2016 (the "September 2 Order"), the Bankruptcy Court voluntarily abstained from the proceeding and, in the alternative, granted appellees' motion to dismiss. (*Id.* at 1084–90.)

C. Appeal

Appellant filed his notice of appeal of the September 2 Order on September 8, 2016. (ECF No. 1.) This Court received the Bankruptcy Record on October 14, 2016. (ECF No. 3.) Appellant filed his brief in support of the appeal on March 3, 2017 (ECF No. 8), appellees responded on April 3, 2017 (ECF No. 9), and appellant filed a reply on April 27, 2017 (ECF No. 11). The Court has fully considered the parties' submissions.

II. DISCUSSION

Appellant argues that the Bankruptcy Court abused its discretion in permissively abstaining from the proceeding and erred as a matter of law in concluding that the *Rooker-Feldman* doctrine barred his action against Fannie Mae and Chase. As set forth below, the Court concludes that the Bankruptcy Court did not abuse its discretion in permissively abstaining from the adversary proceed-

---

[2] Mrs. Osuji later asserted that these documents were filed without her knowledge or permission. (R. at 520–22, 1096 n.1.) On this basis, the state court granted Chase's motion to strike the answer (*id.* at 614–16), and the Appellate Division affirmed (*id.* at 628–29).

2

ing and, therefore, affirms the ruling below.[3]

### A.  Applicable Law

Under 28 U.S.C. § 1334(c)(1), the Bankruptcy Court may permissibly abstain from an adversary proceeding.  *See* 28 U.S.C. § 1334(c)(1) ("[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 . . . .").  The Second Circuit has indicated that such abstention "is within the sound discretion of the bankruptcy court." *In re Abir*, No. 09 CV 2871(SJF), 2010 WL 1169929, at *7 (E.D.N.Y. Mar. 22, 2010) (citing *In re Petrie Retail. Inc.*, 304 F.3d 223, 232 (2d Cir. 2002) ("Permissive abstention from core proceedings under 28 U.S.C. § 1334(c)(1) is left to the bankruptcy court's discretion.")).  In deciding whether to permissibly abstain, the Bankruptcy Court may consider

> (1) the effect or lack thereof on the efficient administration of the [bankruptcy] estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceed-

ing to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasability of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Id.* at *7 (quoting *In re Luis Electrical Contracting Corp.*, 165 B.R. 358, 368 (Bankr. E.D.N.Y. 1992)).  The court is not required, however, to consider each of these factors, and may permissibly abstain where only some of them favor abstention.  *Wallace v. Guretzky*, No. CV-09-0071(SJF), 2009 WL 3171767, at *2 (E.D.N.Y. Sept. 29, 2009) (affirming permissive abstention that was based on four of the twelve factors).  District courts review a decision to permissibly abstain for an abuse of discretion.  *Abir*, 2010 WL 1169929, at *8; *Wallace*, 2009 WL 3171767, at *2.  The Bankruptcy Court abuses its discretion if it abstained "based on an 'erroneous view of the law' or 'clearly erroneous factual findings.'"[4]  *Wallace*, 2009 WL 3171767, at *2 (quoting *In re Bay Point Assocs.*, No. 07-CV-1492 (JS), 2008 WL 822122, at *3 (E.D.N.Y. Mar. 19, 2008)).

---

[3] Because the Court affirms on this ground, it does not address the Bankruptcy Court's alternative ruling on appellees' motion to dismiss.

[4] In any event, this Court would reach the same conclusion under a *de novo* standard of review.

B.  Application

Here, the Bankruptcy Court permissively abstained after finding that

> (2) state law issues clearly predominate over bankruptcy issues; (4) there is a related state court foreclosure proceeding pending; (5) the lack of any jurisdictional basis other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (9) the burden on the court's docket; and (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties.

(R. at 1089.)  Appellant argues that the Bankruptcy Court abused its discretion in permissively abstaining because "there is no pending, or ongoing, parallel state proceeding that would trigger abstention principles." (Appellant's Br., ECF No. 8, at 17.)  He further argues that the factors do not weigh in favor of permissive abstention.  (Appellant's Reply, ECF No. 11, 19–25.) As set forth below, the Court disagrees.

### 1.  Predominance of State Law Issues

Courts in this Circuit frequently cite the second factor—the extent to which state law issues predominate over bankruptcy issues—as a reason for permissively abstaining.  *See, e.g.*, *Abir*, 2010 WL 1169929, at *8; *Wallace*, 2009 WL 3171767, at *2; *Bay Point Assocs.*, 2008 WL 822122, at *4; *In re Exeter Holding, Ltd.*, No. 11-77954-AST, 2013 WL 1084548, at *5 (Bankr. E.D.N.Y. Mar. 14, 2013); *In re Taub*, 417 B.R. 186, 194 (Bankr. E.D.N.Y. 2009).  Here, the Bankruptcy Court

found that "state law issues clearly predominate over bankruptcy issues" (R. at 1089), and this Court agrees.  In his complaint, appellant claims an interest in the Property—and challenges appellees' interest in it—based on principles of New York state property law.  (*See id.* at 6 (appellant's complaint citing New York law exclusively as the basis for his challenge to appellees' interest in the Property).).  Indeed, apart from the jurisdictional allegations, the Complaint is devoid of *any* citations to federal law.[5]  (*See generally id.* at 5–37.)   Under these circumstances, there is no question that the Bankruptcy Court did not err in finding that this factor favored abstention.  *See Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 60 (S.D.N.Y. 2011) (upholding abstention where, *inter alia*, "the cases contain[ed] exclusively state claims with little, if any, relevance to federal law").

### 2.  Relatedness of State Proceeding

The fourth and sixth factors favor abstention where there is "a related proceeding commenced in state court" and that proceeding is closely related to the bankruptcy proceeding.[6]  *Abir*, 2010 WL 1169929, at *7.  In *In re Fierro*, No. 1-14-41439-NHL, 2015 WL 3465753, at *3 (Bankr. E.D.N.Y. May 29, 2015), for example, the court permissively abstained where "[a] related proceeding [was] already commenced and ongoing in the State Court" and had been "for over twelve years." *See also In re Int'l Tobacco Partners, Ltd.*, 462 B.R. 378, 393 (Bankr. E.D.N.Y. 2011). In discussing similar factors in other circuits, district courts have found abstention appropriate "where the record reflects a substantial investment of effort in the state proceeding."

---

[5] For this reason, appellant's conclusory assertion that "[s]tate law claims have no bearing on this case" is patently incorrect.  (Appellant's Reply at 21.)

[6] Because the fourth and sixth factors overlap, this Court addresses them together.

*In re Bay Vista of Virginia, Inc.*, 394 B.R. 820, 844 (Bankr. E.D. Va. 2008) (collecting cases).

Here, it is beyond dispute that a closely related proceeding exists in state court. The state court in the Foreclosure Action adjudicated the various interests in the Property that appellant challenges here, and appellant himself was a very active participant in that proceeding. His lack of success on his various motions does not imply that the proceeding is unrelated. On the contrary, in denying his motions to intervene, to strike, and to stay the case, the state courts have addressed the very claims he raises now. (*See, e.g.*, R. at 533 (state court denying appellant's motion to intervene because appellant "is neither in the title nor named on the mortgage note" and "an interest in property, as claimed herein, that arose through marriage, standing alone, does not justify intervention").)

Appellant argues that the two cases are not related because he was never formally a party to the Foreclosure Action. (*See, e.g.*, Appellant's Reply at 19–20, 21.) It was not for lack of trying that appellant was not a party in that action, however. Instead, as the Bankruptcy Court correctly noted, appellant "is not a party to the current Foreclosure Action . . . because the state court determined he did not have a right to intervene." (*Id.* at 1089.) His failure to successfully intervene in that action, therefore, does not render the Foreclosure Action unrelated to the present proceeding, given that the substance of the two cases are identical.[7]

Appellant's remaining argument on this factor is also unavailing. Even assuming appellant is correct that permissive abstention requires the state proceeding to be "pending" or "ongoing" under 28 U.S.C. § 1334(c)(1), *see In re Lazar*, 237 F.3d 967, 981 (9th Cir. 2001), the Foreclosure Action here is still pending at this time because, though an order of reference has issued, there has been no foreclosure sale or additional action since appellant filed the complaint in this proceeding. Consequently, the Bankruptcy Court did not abuse its discretion in concluding that the fourth and sixth factors favored abstention.

### 3.  Jurisdictional Basis for Action

The fifth factor, the basis for the Bankruptcy Court's jurisdiction, also plainly supports the decision below, as the only basis for jurisdiction identified in the complaint is 28 U.S.C. § 1334(b). (*See* R. at 6–7.)  *See, e.g.*, *Wallace*, 2009 WL 3171767, at *3; *Taub*, 417 B.R. at 194.[8]

---

[7] Moreover, appellant's citations to *Wilton v. Seven Falls Co.*, 515 U.S. 277, 281 (1995) are inapposite. Although he is correct that the Supreme Court in that case encouraged lower courts to "examine the scope of the pending state court proceeding and the nature of defenses open there" and to consider "whether the claims of all parties in interest can satisfactorily be adjudicated" in the state proceeding, *id.* at 283, *Wilton*

involved a completely different statute—the Declaratory Judgment Act—and made no mention of 28 U.S.C. § 1334. Furthermore, even assuming *Wilton* applied, lack of success in state court alone is insufficient to show that a claim cannot "satisfactorily be adjudicated" in state court, yet that is the only reason appellant offers for why the state court could not adjudicate his claim. *Wilton*, 515 U.S. at 283.

[8] Though appellant belatedly identifies various other federal statutes as providing jurisdiction for the first time in his reply papers, it is not clear how those statutes apply, and appellant does not even attempt to explain why they provide jurisdiction. (*See* Appellant's Reply at 22.) As such, this Court declines to consider these arguments. *See Karibian v. Columbia Univ.*, 14 F.3d 773, 777 (2d Cir. 1994) ("We have no obligation to review issues that are raised, but not independently and sufficiently developed, in an appellant's main brief."); *Johnson v. Panetta*, 953 F. Supp. 2d 244, 250 (D.D.C. 2013) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are deemed waived."); *Sunseri v. Proctor*, 461 F. Supp. 2d 551, 573 (E.D. Mich. 2006) ("The Court need not consider arguments raised in a perfunc-

### 4. Burden on Court's Docket

The Bankruptcy Court also cited the burden on its docket as a reason for abstaining, and appellant has presented no reason to doubt this factor.[9]  As such, the Bankruptcy Court did not err in citing it in favor of abstention.

### 5. Forum Shopping

The tenth factor favors abstention where an action "produce[s] an unmistakable impression of forum-shopping." *Visan*, 458 B.R. at 60.  In *Visan*, for example, the court found that such forum shopping existed where the defendants removed a state court action to the Bankruptcy Court "to avoid the state court forum . . . shortly before the state court judge was about to issue a decision" on an important motion. *Id.* Similarly, in *Taub*, the court found that this factor favored abstention because the debtor had "previously commenced actions in [state court]" and "acknowledged that these actions were withdrawn in favor of bringing them" in the Bankruptcy Court. *Taub*, 417 B.R. at 197.

Here, the Bankruptcy Court cited this factor in favor of abstention, noting that "bringing this litigation here after receiving adverse decisions in the state court smacks of forum

---

tory manner, unaccompanied by some effort at developed argumentation."); *see also Bowles v. N.Y. City Transit Auth.*, No. 03 CIV.3073(BSJ), 2004 WL 548021, at *3 (S.D.N.Y. Mar. 18, 2004) ("The Court need not consider arguments raised for the first time in reply memoranda." (collecting cases)).

[9] Instead, appellant simply argues that the burden would fall on the state court instead, but the possibility that abstention will place a burden on a state court does not militate against such abstention.  In addition, given the order of reference dated October 30, 2015 and Mrs. Osuji's consent to the foreclosure sale, it appears the Foreclosure Action is nearing completion, so any burden the Bankruptcy Court's abstention would place on the state court is minimal.

shopping by [appellant]."  (R. at 1090.) Based on an independent review of the record, the Court concludes that this finding was not erroneous.  On the contrary, as discussed above, appellant received several unfavorable rulings on his various motions to intervene, stay the action, and strike the complaint in the Foreclosure Action. (*See, e.g.*, *id.* at 533–34, 574–75, 591–92, 631–645, 653.) To file suit in Bankruptcy Court only after these rulings leaves this Court with "an unmistakable impression of forum-shopping." *Visan*, 458 B.R. at 60.  Accordingly, the Court concludes that it was not an abuse of discretion for the Bankruptcy Court to find that this factor favored abstention.

### 6. Factors Not Cited By Bankruptcy Court

For the first time in his reply brief, appellant raises specific arguments as to each of the twelve factors, including several not relied upon by the Bankruptcy Court in the September 2 Order.  Most of these arguments, however, turn on his assertion that there is no ongoing related case between the parties in state court. (*See, e.g.*, Appellant's Reply at 20, 21, 23–24.)  As discussed above, however, the Court finds this contention unpersuasive.

The only argument he raises not dependent on this contention is that adjudicating his interest in the Property in Bankruptcy Court could result in the influx of an asset into the bankruptcy estate, which, in turn, would contribute to the efficient administration of the estate under the first factor. (*Id.* at 19.)  Even accepting this argument as true, however, the Bankruptcy Court still found that several other factors strongly favored abstention.  It was not an abuse of discretion, under these circumstances, to permissively abstain.  *See Wallace*, 2009 WL 3171767, at *2 (abuse of discretion exists where decision was "based on an erroneous view of the law or clearly erroneous factual findings").

6

### III. CONCLUSION

In short, the Court concludes that the Bankruptcy Court did not abuse its discretion in permissively abstaining from the instant proceeding.  Therefore, its September 2 Order is affirmed.  The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated:   July 17, 2017
Central Islip, New York

* * *

Appellant is represented by Oleg Vinnitsky, Island North Tower Professional Co-op, 575 Main Street, Suit #N-711, Roosevelt Island, NY 10044.  Appellees are represented by Brian W. Keatts, Parker Ibrahim & Berg LLC, 270 Davidson Avenue, 5th Floor, Somerset, NJ 08873, and Ronal C. Owens, TD Bank, N.A., 3000 Atrium Way, Suit 400, Mount Laurel, NJ 08054.